IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00149-WDM-CBS

EDWARD TRUJILLO,

    Plaintiff,

v.

THE CITY OF LAKEWOOD, COLORADO a municipality,
AGENT TROY LUTMAN, in his official and individual capacity, and
POLICE CHIEF RON BURNS, in his official and individual capacity,

    Defendants.

## PROTECTIVE ORDER

The Court is in receipt of the parties Joint Stipulated Motion for Protective Order and Confidential Information Stipulation. On review of that Motion and the file in this matter, it is hereby ORDERED that:

1. The Parties shall comply with the terms and conditions agreed upon in their Joint Stipulated Motion in regard to data and information designated as "Confidential" pursuant to that Motion and stipulation. In addition, any pleadings or briefs quoting or discussing any information designated as "Confidential" pursuant to that Motion and stipulation will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, except pursuant to Court Order issued upon motion of the party seeking to file such data under seal. Any motion requesting leave to file such data under seal shall comply with the requirements of D.C. Colo.LCivR 7.2 and 7.3.

2. The nature of the claims, defenses and damages asserted here prompt the expectation that discovery will involve requests for and production of certain information and

documents containing sensitive, confidential, private, personal, medical, health and employment information. One or more of the parties are thought to be in possession of or expected to seek such information, while any party or third-party participant may possess a privacy interest that necessitates the protection of such data from public disclosure. Privacy interests of such nature are protected by constitutional, statutory or common law privacy concepts and restrictions, while the disclosure of such information beyond the scope of this litigation could result in significant injury to the business or privacy interests of one or more of the parties. The parties entered into a stipulation to seek this Protective Order to prevent the disclosure and use of such information except as set provided here.

3. For purposes of this litigation, "Confidential Information" means any document, file, portion of a file, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made from any such material, containing any confidential, private, sensitive, personal, personnel, medical, health or employment information pertaining to any party or third-party participant in this matter as to which a reasonable expectation of privacy and confidentiality exists.

4. For purposes of this litigation, anyone who provides, serves, discloses or files any data or information in connection with this litigation and in good faith believes such documents or information contains nonpublic personal, personnel, employment, private, medical, or other information implicating privacy interests or proprietary interests of Plaintiff Edward Trujillo, Defendant City of Lakewood, Defendant Troy Lutman and Defendant Ron Burns, or any third party, may designate such data or information as "Confidential Information" or "Confidential."

Any data or information so designated shall be deemed "Confidential" or "Confidential Information" subject to this Protective Order.

5. To any extent that anything "Confidential" is sought, produced, provided or otherwise disclosed by a party or respecting a party in connection with this litigation, whether or not in relation to discovery activity associated with this matter, a party or any other participant in this litigation may designate such data as "Confidential Information" by:

a. imprinting the words "Confidential" or "Confidential Information" on the first page or cover of any document produced or otherwise used in connection with this matter;

b. imprinting the words "Confidential" or "Confidential Information" next to or above any response to a discovery request;

c. designating deposition testimony as "Confidential" or containing "Confidential Information" on the record at the time of the deposition;

d. respecting deposition testimony not designated confidential at the time of the deposition, by designating those portions of transcribed testimony as "Confidential" or containing "Confidential Information" in writing no later than fourteen (14) calendar days after the receipt of the transcribed testimony by the designating attorney.

6. All data designated as "Confidential" or "Confidential Information" pursuant to this Order shall be subject to the following restrictions:

a. Such data shall be used only for the purpose of this litigation and for no other purpose;

b. Such data shall not be communicated or disclosed by any party's counsel or by any party in any manner, either directly or indirectly, to anyone who is not a party to this case or

that party's attorney, except for purposes of establishing, developing, pursuing or defending a claim or defense in this case.

      c.      Confidential data shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone other than to those specified in this subparagraph:

      (i)      attorneys actively working on this case;

      (ii)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

      (iii)      the parties and designated representatives of the City of Lakewood, Colorado;

      (iv)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      (v)      the Court and its employees ("Court Personnel");

      (vi)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (vii)      deponents, witnesses, or potential witnesses who execute the attached Exhibit A;

      (viii)      and, other persons by written agreement of the parties who execute the attached Exhibit A. To any extent that any person is obliged to enter into an agreement with respect to the confidentiality of information in the form attached hereto as Exhibit A, counsel shall provide such person with a copy of this Order, along with their Joint Stipulated Motion for a Protective Order, and obtain an executed copy of Exhibit A from the person, acknowledging that he or she

read this stipulation and this Order, as well as agreeing to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if opposing counsel demonstrates good cause for review.

7. Individuals authorized to review any data designated as "Confidential Information" or "Confidential" pursuant to this Order shall hold all such data in confidence and shall not divulge such data, either in writing or verbally, to any other person or entity. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production. The inadvertent, unintentional or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8. Counsel to the parties stipulate that they are required to advise, instruct and supervise all associates, staff and employees of counsel to keep data designated as "Confidential" or "Confidential Information" in the strictest possible confidence. Counsel and the parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this Order and the limitations on its use and disclosure.

9. No copies of data designated as "Confidential Information" or "Confidential" pursuant to this Order shall be made except by or on behalf of counsel appearing in this litigation matter and all such copies shall be made and used solely for purposes of this litigation. During

this litigation, counsel shall retain custody of all data designated as "Confidential Information" or "Confidential" pursuant to this Order.

10. To any extent that any data designated as "Confidential Information" or "Confidential" pursuant to this Order is used in any court filing or proceeding in this litigation, including but not limited to use at trial of such data, that data shall not lose any status as confidential by virtue of such use as between the parties here. Confidential information and pleadings or briefs quoting or discussing such information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3, and demonstrate that the information at issue is entitled to protection under applicable case law.

11. The termination of this action shall not relieve counsel or any other person subject to the provisions of this Order from their responsibility to maintain the confidentiality of any data designated as "Confidential Information" or "Confidential" pursuant to this Order and the Court shall retain continuing jurisdiction to enforce the terms of this Order.

12. By agreeing to the entry of this Order, the parties adopted no position as to the authenticity, admissibility or discovery of any data, however designated.

13. The parties agree that the terms and conditions of this Stipulated Protective Order shall survive the termination of this action and that they, their counsel, and other persons provided Confidential Information shall not be relieved of the confidentiality obligations imposed by this Order, and that the Court shall maintain continuing jurisdiction after the

conclusion of the case to enforce the terms thereof. Any person in possession of Confidential Information at the conclusion of this action, after the final resolution of all appeals or the expiration of the time for the filing of same, shall securely store such information so as to maintain its confidentiality.

14. Nothing in this Order shall preclude any Party from filing a motion seeking further or different protection from the Court pursuant to Rule 26 of the Federal Rules of Civil Procedure or from filing a motion with respect to the manner in which any data designated as confidential by any party shall be treated, either in the course of pretrial proceedings, trial or otherwise. To any extent that any party designates any data as confidential pursuant to this Order, prompting any dispute as to the applicability of such designation, all data designated as confidential shall be treated as confidential under the terms of this Order until the Court rules on the motion.

15. Any party may object to the designation by the other party of a document, record, file or other information as Confidential Information by providing written notice to the party making such designation within ten (10) business after receipt of notice of that the information in question was designated as Confidential Information pursuant to this Order. Such written notice shall specifically identify the document or other information to which objection is made. If the parties are unable to resolve the objection within ten (10) business days after notice of the same is received by the designating party, it shall be the burden of the party designating the document or other information as Confidential Information to apply by appropriate motion to the Court at the expiration of such ten days for a determination on whether the information should be designated as Confidential Information and subject to the terms of this order. If application by

motion is made to the Court, the disputed information shall be treated as Confidential Information until the Court rules on the motion. If the party designating contested information as Confidential Information fails to timely file a motion as provided for herein, then the disputed information shall not be deemed Confidential Information and shall not be subject to the confidentiality requirements contained in this Stipulated Protective Order. In any proceeding challenging the designation of a document or other information as confidential, the party seeking such designation shall have the burden of establishing the confidential nature of the same.

16. Nothing set out in this Order to be interpreted by anyone as an acknowledgment that any specific information within any category of data outlined in this Order is discoverable, relevant or admissible pursuant to the Federal Rules of Civil Procedure, state or federal law.

17. Nothing in this Order shall preclude any party or other person from seeking a modification of this Order or from objecting to any effort to obtain discovery in this matter.

Dated this 30th day of September 2008.

BY THE COURT:

s/ Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00149-WDM-CBS

EDWARD TRUJILLO,

    Plaintiff,

v.

THE CITY OF LAKEWOOD, COLORADO a municipality,
AGENT TROY LUTMAN, in his official and individual capacity, and
POLICE CHIEF RON BURNS, in his official and individual capacity,

    Defendants.
_____

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**
_____

    I, _____, the undersigned, being duly sworn, hereby acknowledge that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the parties and provided to me for the sole purpose of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

    My current address and telephone number is: _____

    _____

    _____
    Signature

STATE of _____)
                             )ss.
COUNTY of _____)

    The foregoing Confidentiality Agreement was sworn and acknowledged to before me by _____ on this day of _____, 200__.

    Witness my hand and official seal.

[seal]                                                         _____
                                                             Notary Public

My commission expires:_____