IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00149-WDM-CBS

EDWARD TRUJILLO,
    Plaintiff,
v.

THE CITY OF LAKEWOOD, COLORADO, a municipality,
AGENT TROY LUTMAN, in his official and individual capacity, and
POLICE CHIEF RON BURNS, in his official and individual capacity,
    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO STAY

Magistrate Judge Shaffer

    THIS MATTER comes before the court on Defendants' Motion to Stay Pending the Court's Disposition of Defendant Lutman's Objection to the Magistrate Judge's Ruling (doc. # 52), filed on July 23, 2009. Defendants' motion seeks to stay all remaining proceedings in this case, including the final pretrial conference currently set for August 7, 2009, pending a decision on Defendant Lutman's Objection to Ruling of United States Magistrate Judge (doc. # 51). After carefully considering the arguments raised in the pending motion and in the exercise of my authority under D.C.COLO.LCivR 7.1C, I find that Defendants have failed to show good cause for the requested stay.

    The following facts seem germane to the disposition of the pending motion. On June 18, 2008, the parties submitted a proposed Fed. R. Civ. P. 16 scheduling order. While Defendants included a claim of qualified immunity in their "Statement of Defenses," Defendant Lutman apparently did not oppose any of the discovery deadlines included in the proposed scheduling

order.[1]  The parties' proposed scheduling order specifically included Defendant Lutman on the deposition schedule.  At the June 25, 2008 scheduling conference, this court adopted every discovery deadline proposed by the parties, and set a final pretrial conference for July 7, 2009. *See* Scheduling Order (doc. # 17).  Defendant Lutman's counsel, who also represents the other named defendants in this action, did not request a stay of discovery during the Rule 16 scheduling conference, notwithstanding defense counsel's acknowledgment that the costs of discovery would go up "as time goes on."

On August 20, 2008, this court held a 39-minute discovery hearing to resolve disputes involving, *inter alia*, interrogatories and requests for production previously served on Defendant Lutman in his "official capacity."  Defense counsel apparently waited 30 days to respond to these discovery requests, as permitted by Fed. R. Civ. P. 33 and 34, and then objected to the discovery requests based on the fact that Defendant Lutman was no longer employed by the City of Lakewood Police Department and, therefore, could not respond in an "official capacity."  In response to the court's inquiries, Defendant Lutman's counsel conceded that this issue might have been more expeditiously addressed in a telephone call with opposing counsel immediately upon receipt of the objectionable discovery requests.  It should also be noted that during the same discovery hearing, defense counsel raised objections to the sufficiency of Plaintiff's responses to discovery requests propounded on behalf of Defendant Lutman.[2]

---

[1]The Local Rules for the District of Colorado require the parties to "try, in good faith, to agree upon matters covered in the scheduling order" and direct that "[a]ny area of disagreement shall be set forth separately with brief statements of the reasons for disagreement."  *See* D.C.COLO.LCivR 16.1.

[2]This court intervened on September 26, 2008 in another discovery dispute relating to provisions in a proposed protective order addressing whether plaintiff's counsel could retain

Plaintiff filed an Unopposed Motion to Modify the Scheduling Order (doc. # 28) on September 30, 2008. Plaintiff originally had sought to extend the deadlines for designating affirmative and rebuttal experts. Plaintiff's counsel advised the court that Defendants did not oppose this request, provided that all other pretrial deadlines were extended by a comparable 45-days. In his motion, Plaintiff indicated his "deposition has been taken, and one defense witness has been deposed. Future depositions have been noticed. Three sets of written discovery requests have been exchanged between the parties."

This court issued a Minute Order (doc. # 30) on October 2, 2008 granting Plaintiff's Unopposed Motion to Modify the Scheduling Order. In that same Minute Order, I reset the final pretrial conference for August 7, 2009. Defendant Lutman filed no objection to that Minute Order or to the new date for the final pretrial conference.

During the July 15, 2009 hearing on the instant motion, defense counsel acknowledged that Defendant Lutman was no longer employed by the City of Lakewood Police Department. The record further indicates that Defendant Lutman was deposed in this case on February 2, 2009. *See* Exhibit A-5 attached to Defendants' Motion for Summary Judgment (doc. # 32). Defendant Lutman did not move to stay his deposition pursuant to Fed. R. Civ. P. 26(c) in light of his qualified immunity defense.

On May 29, 2009, Defendant Lutman filed a Motion to Stay Pending Determination of Entitlement to Qualified Immunity (doc. # 43). In that motion, Defendant Lutman noted that Defendants' pending motion for summary judgment raises the defense of qualified immunity. Noting that the doctrine of qualified immunity "is both an entitlement not to stand trial . . . and

---

documents produced by defendants in discovery after the conclusion of the case.

from the burdens of pre-trial discovery," Defendant Lutman argued that these policies would be subverted "if any additional proceedings are held before Agent Lutman is afforded the determination of his qualified immunity by this Court." *See* Motion to Stay Pending Determination, at 2 and 3. Defendant Lutman also insisted that the protections afforded by the qualified immunity doctrine would be circumvented if he were "required to take time to assist counsel in the determination of potential witnesses and exhibits, as well as reviewing Plaintiff's lists in order to assist in the defense of the claims against him." *See* Reply in Support of Motion to Stay Pending Determination, at 4.[3]

I denied Defendant Lutman's Motion to Stay with a ruling from the bench during a hearing on July 15, 2009. *See* Transcript of July 15, 2009 Proceedings, attached as Exhibit A to Objection to Ruling of United States Magistrate Judge. Defendants' pending Objection was filed in a timely manner pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a)[4].

It is important to recognize the limited issue presented by Defendant Lutman's Objection (doc. # 51) and the pending Motion to Stay (doc. # 52). Disposition of the pending motion does not require this court to decide whether established law and the facts of this case support Defendant Lutman's claim of qualified immunity. I must simply determine whether there are proper grounds for staying the final pretrial conference pending a decision on the qualified

---

[3] *But see Commissioner of Internal Revenue v. Banks*, 543 U.S. 426, 427 (2005) (noting that an "attorney can make tactical decisions without consulting the client").

[4] Defendant Lutman's Objection invokes Rule 72(b), which addresses dispositive matters where the magistrate judge enters a recommended disposition and proposed findings of fact. Defendant's Lutman's Objection would seem to fall under Rule 72(a) which is applicable "when a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide." The distinction is important in view of the differing standards of review that the district judge must apply.

immunity defense. A magistrate judge's ruling on such a non-dispositive pretrial matter is subject to a "clearly erroneous or contrary to law" standard of review. *See* 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).

Settled case law recognizes a court's "inherent authority to manage [its] docket 'so as to achieve the orderly and expeditious disposition of cases.'" *See, e.g., United States v. Contreras*, 224 Fed. Appx. 862, *2 (10th Cir. 2007) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). "The inherent authority of a district court to manage its docket includes discretion to grant or deny continuances or extensions of time." *Pepe v. Koreny*, 189 F.3d 478, *2 (10th Cir. 1999) (Table). In exercising its inherent authority, the court may consider the efficient administration of justice and judicial economy. *Wood v. Rodgers*, 103 F.3d 146 at *1, 1996 WL 726881 (10th Cir. 1996) (Table).

While not squarely on point, case law also recognizes that a stay of a magistrate judge's discovery order should be granted sparingly. *See, e.g., HEI Resources East OMG Joint Venture v. Evans*, 2009 WL 250364, *1 (D. Colo. 2009). *See also General Steel Domestic Sales, LLC v. Steel Wise, LLC*, 2009 WL 24982, *2 (D. Colo. 2009) (after noting the "high burden" imposed by the "clearly erroneous" standard in Fed. R. Civ. P. 72(a), concluded that stays of a Magistrate Judge's order pending District Court review must be the exception and not the rule); *Ortiz v. Donatelle Associates, LLC*, 2008 WL 169810, *2 (D. Minn. 2008) (in overruling plaintiff's objection to the magistrate judge's order denying plaintiff's motion for stay, noted that the standard of review applicable to an appeal of a magistrate judge's order on a non-dispositive

issue is "extremely deferential").[5]

With the pending motion for stay, I must decide whether the qualified immunity doctrine requires a departure from the foregoing precedents.

Qualified immunity provides not only a defense to liability, but also protects against the burdens of litigation. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The Supreme Court has identified various policy considerations underlying the qualified immunity defense. The doctrine has been described as "protecting 'government's ability to perform its traditional functions' by providing immunity where 'necessary to preserve' the ability of government officials 'to serve the public good or to ensure that talented candidates were not deterred by the threat of damage suits from entering public service.'" *Richardson v. McKnight*, 521 U.S. 399, 407-08 (1997) (quoting *Wyatt v. Cole*, 504 U.S. 158, 167 (1992)). Earlier Supreme Court decisions have acknowledged the need to "encourage the vigorous exercise of official authority," *Butz v. Economou*, 438 U.S. 478, 506 (1978), and a concern that the demands of litigation may distract officials from their governmental duties. *See, e.g., Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The latter point was reiterated most recently in the Supreme Court's decision in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009).

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery. There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should

---

[5]*Compare* D.C.COLO.LCivR 30.2B ("Any stay of the magistrate judge's [discovery] order must be sought and obtained separately by motion filed initially with the magistrate judge, and, if denied, then with the assigned district court judge. *The motion shall be supported by good cause.*") (emphasis added).

> proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Id.* at 1953 (internal citations omitted).

In denying the original motion to stay, this court carefully weighed these policy considerations against the factual backdrop of this case. While the defense of qualified immunity may ultimately insulate Defendant Lutman from liability, his attempt to belatedly cite the "burdens of litigation" as a justification to stay the final pretrial conference seems disingenuous. Defendant Lutman presumably made a tactical decision not to cite those "burdens" when served with Plaintiff's interrogatories and requests for production, or Plaintiff's notice of deposition. Defense counsel did not invoke the burdens of discovery as justification for a protective order under Fed. R. Civ. P. 26(a). Defendant Lutman, through counsel, did not object to the discovery deadlines established in the scheduling order, or to the extended deadlines set by the court on October 2, 2008 in response to Plaintiff's Unopposed Motion to Modify the Scheduling Order. Indeed, Defendant Lutman filed his original motion to stay the final pretrial conference more than five months after that conference was set on the court's calendar and nearly two months after his motion for summary judgment was filed.

I readily concede that the qualified immunity doctrine necessarily implicates potentially conflicting policy considerations; a plaintiff's right to a timely adjudication of alleged abuses of authority and the diversion of a government official's time and energy from pressing public service. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1987) (cautioning that the doctrine of qualified immunity provides no license to lawless conduct). The Supreme Court has instructed that immunity questions be resolved at the earliest possible stage of the litigation. *See Hunter v.*

*Bryant*, 502 U.S. 224, 227 (1991) (per curiam).  Yet, Defendant Lutman raises the specter of a "burdensome" final pretrial conference after having participated in a lengthy discovery process without objection.  Staying the final pretrial conference in this case would have no impact on the "heavy costs" of litigation referenced by the majority in *Ashcroft* decision.  Moreover, I do not believe the Supreme Court ever contemplated that the qualified immunity doctrine could be invoked as a sword and a shield.  *Cf. Estate of Sorrells v. City of Dallas*, 192 F.R.D. 203, 209 n. 6 (N.D. Tex. 2000) (suggesting, without deciding, that defendants might waive their right to stay discovery under the guise of qualified immunity by seeking summary judgment, at least in part, based on their own affidavit testimony).

Requiring counsel to prepare a final pretrial order and attend a pretrial conference will not impose any significant burden on Defendant Lutman or compromise in any way his ability to raise qualified immunity as a defense to liability.  Proceeding with the final pretrial conference will not distract Defendant Lutman from official duties that he no longer has in the wake of his departure from the City of Lakewood's police force.  Even assuming Defendant Lutman plays some role in the preparation of the final pretrial order, there is no reason to believe that his participation as a private citizen will involve the "expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government."  Quite simply, staying the final pretrial conference will not advance the policy objective underlying the qualified immunity doctrine, but could significantly impact the timing of any trial in this case.[6]

Under the particular circumstances of this case, I find that Defendants have failed

---

[6] Judge Miller customarily sets a trial date after a final pretrial conference is held and a final pretrial order is entered by the magistrate judge.

establish good cause for the requested stay.  Accordingly, Defendants' Motion to Stay Pending the Court's Disposition of Defendant Lutman's Objection to the Magistrate Judge's Ruling (doc. # 52) is DENIED.

DATED this 31st day of July, 2009.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge