IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 08-cv-00149-WDM-CBS

EDWARD TRUJILLO,

    Plaintiff,

v.

THE CITY OF LAKEWOOD, COLORADO, a municipality,
AGENT TROY LUTMAN, in his official and individual capacity, and
POLICE CHIEF RON BURNS, in his official and individual capacity,

    Defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

This matter is before me on the Motion for Summary Judgment (doc no 32) filed by Defendants. Plaintiff opposes the motion. I have reviewed the parties' written arguments and find oral argument is not required. For the reasons that follow, Defendants' motion will be granted in part and denied in part.

### Background[1]

This is a civil rights lawsuit resulting from a police dog bite incident. Because the Plaintiff and police have fairly divergent accounts of what occurred, I will set forth each account separately.

According to the Defendants, on April 25, 2006, Lakewood, Colorado police officers identified a stolen vehicle being driven around 10:30 p.m. The officers

---

[1]The facts set forth here are taken from the parties' briefs and exhibits and are undisputed unless otherwise noted.

attempted to stop the vehicle and detain the driver; however, the driver accelerated towards the officers and drove away.  The stolen car thereafter collided with a fire truck and the driver escaped on foot.  Police established a perimeter and attempted to apprehend the driver.

Lakewood Police Agent Troy Lutman, a canine handler, was called in to track the suspect with Kastor, a police dog.  Another Lakewood Police Agent, Adrian Alderete, accompanied Agent Lutman and Kastor.  At approximately 10:48 p.m., the three proceeded from the accident scene down a nearby alley, with Kastor on a lead.  The track went past a mattress leaning on its side against a garage on the west side of the alley.  Kastor alerted and pulled to the mattress, indicating that there was a possible odor of human scent under the mattress.  Defendants aver there was no cover for the officers in the alley.  Agent Lutman gave a warning instructing anyone behind the mattress to come out or the dog would be sent in; there was no response.  According to Lutman, he then released the tension on the lead and allowed Kastor to approach the mattress.  Kastor went behind the mattress and the officers then heard a male voice screaming to get the dog off.  Plaintiff was behind the mattress and was being bitten on the ankle by Kastor.  Agent Lutman then removed Kastor from Plaintiff.

Plaintiff was not the suspect.  Plaintiff was treated by paramedics and transported to the hospital.  He was treated for lacerations on his face and ankle.

Plaintiff does not dispute that he came into contact with Kastor as a result of the search for a fleeing suspect who had just crashed a stolen car.  He testified in his deposition, however, that these events occurred around 2:00 in the afternoon. According to Plaintiff, he was walking down the alleyway when a man ran past him.

Plaintiff saw a police car park at the end of the alley. Then, according to Plaintiff, the officer opened the back door and, without issuing any warning, let loose the dog, which started running down the alley unrestrained. Plaintiff was frightened and hid behind the mattress. The dog then bit Plaintiff's leg. Finally, after the officers caused the dog to release Plaintiff's leg, the dog stood up on its hind legs and started attacking Plaintiff's head and face, knocking Plaintiff to the ground. Plaintiff does not have a permanent home and denies that he was sleeping in the alley at the relevant time.

Plaintiff filed this lawsuit asserting the following claims for relief: (1) unlawful seizure without probable cause in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (2) unreasonable use of force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983; and (3) unconstitutional failure to train or supervise pursuant to 42 U.S.C. § 1983.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element

essential to the case." *Id.*

## Discussion

1.   Agent Lutman - Qualified Immunity

Defendants argue that Agent Lutman is entitled to qualified immunity because he either acted reasonably in his handling of Kastor or because he did not violate any clearly established right of Plaintiff. Because of the factual disputes regarding the central issues in this case, including whether Kastor was leashed and the number of times he bit Plaintiff, I conclude that summary judgment is not appropriate.

"In an action under section 1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known." *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1251 (10th Cir. 1999). Once a defendant has raised qualified immunity as an affirmative defense, the plaintiff bears the heavy two-part burden of demonstrating that (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established at the time of the alleged conduct. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). In *Pearson v. Callahan*, 129 S.Ct. 808 (2009), the Supreme Court held that the court has discretion to determine "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 129 S. Ct. at 818.

Both parties agree that the applicable test regarding the use of the police dog Kastor to apprehend a suspect is the excessive force analysis outlined in *Graham v. Connor*, 490

U.S. 386 (1989).[2] The inquiry is an objective one, focused on "whether the officers' actions [were] objectively reasonable in light of the facts and circumstances confronting them, without regard to underlying intent or motivation." *Weigel v. Broad*, 544 F.3d 1143, 1151 (10th Cir. 2008). The totality of the circumstances must be taken into account in each case, with particular focus on (1) the severity of the crime; (2) whether the suspect posed an immediate threat; (3) and whether he was actively resisting arrest or attempting to flee. *Graham*, 490 U.S. at 396.

Defendants argue that Agent Lutman acted reasonably given the following circumstances: the suspect had been in a stolen car and had tried to hit another police agent before crashing into a fire truck, there was no cover for the two agents, and Agent Lutman did not know who was behind the mattress. Accordingly, Defendants argue that using Kastor to investigate behind the mattress was not an unreasonable use of force and no constitutional violation occurred.

However, I must analyze these issues in the light most favorable to Plaintiff, the non-moving party; therefore, I must examine the reasonableness of Agent Lutman's alleged actions given Plaintiff's version of the relevant events. Thus, the relevant inquiry is whether it was reasonable for Agent Lutman to simply release Kastor unrestrained into the alley with no warnings to anyone that might be in the vicinity. Similarly, there is an issue regarding the reasonableness of Agent Lutman's allegedly permitting Kastor to bite Plaintiff on the face after the mattress was turned over; a reasonable jury could find that at that point Plaintiff was plainly not a threat. A jury, if it credited Plaintiff's evidence, could find that

---

[2] It does not appear that Defendants have moved for summary judgment with respect to Plaintiff's first claim, unlawful seizure without probable cause.

such actions were not reasonable, even in light of the possible threat that was posed by the actual fleeing suspect. *See, e.g., Burrows v. City of Tulsa, Okla.,* 25 F.3d 1055 (Table), 1994 WL 232169 (10th Cir. 1994) (jury could find that officer did not act reasonably by setting police dog free in back yard without first warning suspect that dog would be sent in); *Kopf v. Wing*, 942 F.2d 265, 268 (4th Cir. 1991) (summary judgment was not proper for officers because a reasonable jury could find that the degree of force used, deploying a dog without a verbal warning, was not objectively reasonable).

I next turn to the question of whether the unreasonableness of such actions would have been clearly established at the time of the event. "Ordinarily, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir.1992). However, because excessive force cases are so fact sensitive, "there will almost never be a previously published opinion involving exactly the same circumstances." *Casey v. City of Federal Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007) (quoting *Anderson v. Blake*, 469 F.3d 910, 914 (10th Cir.2006) ("[A] general constitutional rule ... can apply with obvious clarity to the specific conduct in question, even though [such conduct] has not previously been held unlawful.")). Therefore, the Tenth Circuit has adopted a sliding scale to determine when law is clearly established. "The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004).

At a minimum, I must conclude that it was clearly established that the use of force on a subdued individual posing no obvious threat (i.e., allowing Kastor to bite Plaintiff's face

after the mattress was removed) was not warranted under the circumstances. *Casey*, 509 F.3d at 1285 ("*Graham* establishes that force is least justified against nonviolent misdemeanants who do not flee or actively resist arrest."). Similarly, deploying a dog without restraint or warning is similar to using pepper spray or taser on a suspect without giving the suspect a warning and chance to first comply. *Id.* at 1285-86 (deploying taser without warning violated clearly established Fourth Amendment prohibitions on use of excessive force); *cf.*, *Marquez v. City of Albuquerque*, 399 F.3d 1216 (10th Cir. 2005) (officer acted reasonably in using canine to apprehend suspect fleeing from crash scene after high speed chase after first warning suspect to halt). I conclude that the a reasonable officer would be on notice that releasing a police dog, without first warning and giving a suspect the opportunity to comply, is an unconstitutionally excessive use of force. Accordingly, summary judgment in favor of Agent Lutman on his defense of qualified immunity would be in error.

2.     <u>Municipal and Supervisory Liability</u>

Defendants further argue that Plaintiff cannot establish municipal liability because any alleged violation of Plaintiff's constitutional rights was not the result of any custom, policy, or practice of the City of Lakewood. They also contend that Plaintiff cannot demonstrate that Police Chief Ron Burns personally participated in any alleged constitutional violation. I agree.

A municipality or other governmental entity may be subjected to liability under § 1983 where the action alleged to be unconstitutional executes or implements a governmental policy or custom. *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). Similarly, to establish supervisory liability under section 1983, a

plaintiff must establish a "deliberate, intentional act" by a supervisor such that there is a "sufficient causal connection" between the supervisor and the constitutional violation. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). Mere negligence generally is not sufficient to establish liability. *Id.* Rather, a plaintiff must show active participation or acquiescence through personal participation, exercise of control or direction, failure to supervise, or tacit authorization of the offending acts. *Id.* at 1152-53. A supervisor or municipality may be held liable where there is essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Plaintiff points to evidence that Chief Burns was unaware of how many canine incidents had occurred during his tenure and that there were approximately 60 incidents over a five year time. Similarly, Plaintiff contends that because Chief Burns did not believe Agent Lutman had violated any police policies and that injuries to bystanders sometimes result even if policies are followed, the injury must be result of the city policy. This is unavailing. Plaintiff has provided no evidence to show that it was the policy of the City of Lakewood to release police dogs unrestrained without warning into urban alleyways, or to give handlers discretion to allow a dog to attack a subject posing no threat. Rather, there is evidence that if these events occurred, it would be a violation of the city's policies. There is also no evidence to show that Agent Lutman was not properly trained or supervised; rather, the evidence shows that all canine incidents were written up in a report and reviewed by a superior for compliance with the city's policies. Plaintiff has provided no evidence or argument to show that any of the other canine incidents were unreasonable or that they show any pattern of misconduct. Because Plaintiff has not come forth with

evidence sufficient to create a genuine issue of fact regarding liability for the City of Lakewood or Chief Burns, the claims against these Defendants must be dismissed.

Accordingly, it is ordered:

1. Defendants' Motion for Summary Judgment (doc no 32) is granted in part and denied in part.

2. Summary judgment shall enter in favor of the City of Lakewood and Police Chief Ron Burns and against Plaintiff on all claims asserted against these Defendants. The claims against Agent Lutman in his individual capacity remain pending.

DATED at Denver, Colorado, on October 9, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge